UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Tireboots by Universal Canvas, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Tiresocks, Inc., et al., <br><br> Defendants. | Case No. 20-cv-7404 <br><br> Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tireboots by Universal Canvas, Inc., a family-owned business, sues its competitors Defendants Tiresocks, Inc. and Tiresocks International, Inc., claiming that Defendants intentionally misdirected customers searching for Universal Canvas' website to their own website. Tiresocks, Inc. (hereinafter Tiresocks) has counterclaimed and asserted affirmative defenses. [16]. Universal Canvas now moves to dismiss the counterclaims and strike the affirmative defenses. [31]. For the reasons explained below, this Court grants in part and denies in part Universal Canvas' motion.

**I. Background**

Tiresocks is a family-owned business based in Denver. [16] ¶ 11. Tiresocks offers a wide range of surface protection and safety products for use in construction and heavy machinery industries. *Id.* ¶ 12. It also offers reliable services to support the products. *Id.* Over the last nineteen years, Tiresocks has become well known in these industries for producing high-quality materials and services. *Id.* ¶ 14.

1

Tiresocks advertises, promotes, and sells its products, and services through its website and distributor partners under the following trademarks: TIRESOCKS, TIRESOCKS, Inc., TS, and SAFETYPADS. *Id.* ¶ 14. Tiresocks owns a number of trademark registrations for its marks. *Id.* ¶ 17. During the course of its business, Tiresocks developed a unique alphanumerical designation system for numbering its parts and products; that system (which Tiresocks calls "Part Numbers") incorporates the TS mark. *Id.* ¶ 20. Tiresocks has used Part Numbers throughout its marketing materials including in its yearly product catalogs. *Id.* Tiresocks has also created a number of photographs of its products and services and published these photographs in its yearly product catalogs and on its website. *Id.* ¶ 23. The following is an example of such a photograph:



*Id.*

Plaintiff/Counter-Defendant Universal Canvas directly competes with Tiresocks in producing surface and floor protection equipment targeted at the construction and heavy machinery industries. *Id.* ¶ 24. Universal Canvas advertises and sells its products through its website and through its product catalog, which is available on its website. *Id.* ¶ 25. Tiresocks alleges that Universal Canvas has used, is using, and has copied Tiresocks' photograph, marks, and Part Numbers without

2

authorization. *Id.* ¶ 27. For instance, in its 2019–2020 product catalog, Universal Canvas utilized Tiresocks' Part Numbers, including the exact numeric designations and incorporating the TS mark, to sell Universal Canvas' own products. *Id.* ¶ 28. Tiresocks also claims that Universal Canvas used the SAFETY PADS mark in its product catalog and the TIRESOCKS mark on its website—all without authorization. *Id.* ¶¶ 31, 33.

Based upon this alleged conduct, Tiresocks brings counterclaims against Universal Canvas for: federal trademark infringement (Count I); false designation of origin, palming off, and false advertising under 15 U.S.C. § 1125(a) (Count II); violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Count III); violation of the Illinois Uniform Deceptive Trade Practices Act (Count IV); unfair competition (Count V); and common law trademark infringement and unfair competition (Count VI). [16] ¶¶ 47–81.

Universal Canvas has moved to dismiss Tiresocks' counterclaims under Federal Rule of Civil Procedure 12(b)(6) and to strike Tiresocks' affirmative defenses under Rule 12(f). [31].

## II. Legal Standard

### A. Motion to Dismiss

A motion to dismiss tests the sufficiency of a counterclaim, not the merits of the case. *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). To survive a motion to dismiss under Rule 12(b)(6), the counterclaim "must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to

3

relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion accepts the well-pleaded factual allegations as true and draws all permissible inferences in the pleading party's favor. *Degroot v. Client Servs., Inc.*, 977 F.3d 656, 659 (7th Cir. 2020).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586–87 (7th Cir. 2021) (quoting *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 676 (7th Cir. 2016)).

**B.  Motion to Strike Affirmative Defenses**

Under Rule 12(f), this Court may strike a party's "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). While motions to strike "are generally disfavored because of the likelihood that they may only serve to delay proceedings," when "striking portions of a pleading 'remove[s] unnecessary clutter from the case,' the motion may 'serve to expedite, not delay.'" *Naylor v. Streamwood Behavioral Health Sys.,* No. 11 C 50375,

2012 WL 5499441, at *7 (N.D. Ill. Nov. 13, 2012) (quoting *Heller Fin. Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1294 (7th Cir. 1989)).

An affirmative defense must satisfy three criteria to survive a motion to strike under Rule 12(f): (1) it must be properly pleaded as an affirmative defense; (2) it must be adequately pled under Rules 8 and 9; and (3) it must withstand a Rule 12(b)(6) challenge. *Hughes v. Napleton's Holdings, LLC*, No. 15 C 50137, 2016 WL 6624224, at *2 (N.D. Ill. Nov. 9, 2016); *Renalds v. S.R.G. Rest. Grp.,* 119 F. Supp. 2d 800, 802–03 (N.D. Ill. 2000).

### III. Tiresocks' Counterclaims

Universal Canvas moves to dismiss Tiresocks' counterclaims, arguing that: (1) Tiresocks cannot claim trademark rights in the Part Numbers; (2) the nominative fair use doctrine bars Plaintiff's infringement claims based upon the TIRESOCKS mark; and (3) Tiresocks has failed to sufficiently allege both ownership of its photograph and Universal Canvas' use of the SAFETYPADS mark.

To prevail on trademark infringement and unfair competition claims, a plaintiff must establish two elements: (1) the mark at issue is protectable, and (2) the defendant's use of the mark is likely to cause confusion among consumers. *Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 419 (7th Cir. 2019). With that standard in mind, this Court turns to Universal Canvas' arguments.

### A. Part Numbers

First, Universal Canvas argues that Tiresocks cannot claim protectable trademark rights in its TS Part Numbers because "[w]ords, letters, or numbers used

solely as a designation of a particular style or model" or a product do not amount to a valid, protectable trademark. [31-3] at 3–7.

To be sure, as Universal Canvas points out, an "alphanumeric term that is used only to designate model, style, or grade (serving as a means to distinguish quality, size, or type)" is typically not protectable. *Dwyer Instruments, Inc. v. Sensocon, Inc.*, 873 F. Supp. 2d 1015, 1038 (N.D. Ind. 2012) (quoting *In re Dana Corp.*, 12 U.S.P.Q.2d 1748, 1749 (1989); *see also Atlas Elec. Devices Co. v. Q-Panel Lab Prod. Corp.*, No. 99 C 7654, 2001 WL 1914701, at *3 (N.D. Ill. Nov. 6, 2001).

A trademark, however, broadly includes:

> any word, name, symbol, or device, or any combination thereof [used by any person] to identify and distinguish his or her goods, including a unique product, from those manufactured and sold by others and to indicate the source of the goods, even if that source is unknown.

15 U.S.C. § 1127. The law recognizes that the use of an alphanumeric term can become a protectible mark if it acquires secondary meaning. *Atlas Elec. Devices*, 2001 WL 1914701, at *3. That occurs when consumers uniquely associate a mark with a single maker. *Uncommon*, 926 F.3d at 424. Tiresocks claims that the Part Numbers, labeled in conjunction with the TS mark, have acquired a secondary meaning because consumers identify the unique alphameric designation system as designating Tiresocks as the source of the products. [16] ¶¶ 20–22. At the motion to dismiss stage, this Court must decline to dismiss the allegations concerning the Part Numbers because secondary meaning "is a question of fact." *Uncommon*, 926 F.3d at 424.

B.   Nominative Fair Use

Universal Canvas also claims that the doctrine of nominative fair use bars Tiresocks' infringement claims based upon the TIRESOCKS mark. [31-3] at 7–9. The Seventh Circuit has not yet addressed the doctrine of nominative fair use. *Data Mgmt. Ass'n Int'l v. Enter. Warehousing Sols., Inc.*, No. 20 C 04711, 2020 WL 7698368, at *2 n.1 (N.D. Ill. Dec. 28, 2020). The Ninth Circuit has explained that nominative fair use occurs when the alleged infringer uses the trademark holder's mark to "describe the trademark holder's product, *even if the alleged infringer's ultimate goal is to describe his own product*." *Slep-Tone Ent. Corp. v. Coyne*, 41 F. Supp. 3d 707, 717 (N.D. Ill. 2014) (quoting *KP Permanent Make–Up, Inc. v. Lasting Impression I, Inc.*, 328 F.3d 1061, 1071–72 (9th Cir. 2003)). The doctrine of nominative fair use, if applicable, provides a defense to trademark infringement claims. *Americash Loans, LLC v. AO Ventures, LLC*, No. 08 C 5147, 2009 WL 743010, at *4 (N.D. Ill. Mar. 19, 2009).

Universal Canvas insists that its use of the TIRESOCKS mark falls within the doctrine of nominative fair use. But the doctrine of nominative fair use, to the extent applicable in the Seventh Circuit, constitutes an affirmative defense and can only succeed on a Rule 12(b)(6) motion if the counterclaim admits all the ingredients of the defense. *Slep-Tone Ent. Corp. v. Coyne*, 41 F. Supp. 3d 707, 718 (N.D. Ill. 2014). To prevail on the defense, Universal Canvas must show: (1) the product in question is not readily identifiable without use of the mark; (2) it has used the mark only as reasonably necessary to identify the product; and (3) Universal Canvas did nothing

that would suggest sponsorship by the trademark holder. *Id.* Tiresocks has not admitted all of these ingredients in its counterclaim. To the contrary, Tiresocks claims that Universal Canvas intentionally uses the TIRESOCKS mark to illicit an association between its own products and Tiresocks' products and services. [16] ¶ 34. This Court thus declines to dismiss any allegations based upon the defense of nominative fair use.

### C. Sufficiency of Allegations

Universal Canvas also argues that Tiresocks has failed to sufficiently plead that violations related to Tiresocks' photograph and the registered SAFETYPADS mark. [31-3] at 9. Specifically, Universal Canvas faults Tiresocks with failing to allege rights in the photograph and with failing to detail instances of actual use by Universal Canvas of the SAFETYPADS mark. *Id.*

With respect to the photograph, Tiresocks has sufficiently alleged rights in the photograph because it alleges it has created the photograph, owns rights in the photograph, used them consistently in its catalogs, and on its website, and Universal Canvas has used the photographs without authorization. [16] ¶¶ 23, 26, 57. The law requires nothing more at the pleadings stage. *See Morningware, Inc. v. Hearthware Home Prod., Inc.*, 673 F. Supp. 2d 630, 634 (N.D. Ill. 2009) (observing that a trademark infringement plaintiff need only allege ownership and use to state a protectable interest in a trademark); *see S.C. Johnson & Son, Inc. v. Nutraceutical Corp.*, 835 F.3d 660, 665 (7th Cir. 2016) (noting the "bedrock principle" that trademark ownership occurs through appropriation and actual use in the market)

8

(quoting *Allard Enterprises, Inc. v. Advanced Programming Res., Inc.*, 146 F.3d 350, 356 (6th Cir. 1998)).

Nor does Universal Canvas successfully argue that Tiresocks failed to detail instances of actual use by Universal Canvas of the SAFETYPADS mark. The law does not demand heightened specificity in pleading an accused's use of a trademark. *See Specht v. Google, Inc.*, 660 F. Supp. 2d 858, 864 (N.D. Ill. 2009). It suffices that Tiresocks identified the mark Universal Canvas allegedly infringed (SAFETYPADS), noted the time frame (2019–2020 product catalog), and described the infringing activities (Universal Canvas used the SAFETYPADS mark in its catalog to advertise, sell, and promote its own products). *See id.*; *see* [16] ¶ 31.

For all the reasons explained above, this Court denies Universal Canvas' motion to the extent it seeks to dismiss Tiresocks' counterclaims.

### IV. Tiresocks' Affirmative Defenses

This Court next considers Universal Canvas' motion to strike Tiresocks' affirmative defenses. Universal Canvas argues that Tiresocks' allegations as to the affirmative defenses are overly broad and lack proper factual support. [31] at 9–10.

Tiresocks asserts the following four affirmative defenses to Universal Canvas' claims:

> First Defense. One or more claims asserted by Universal Canvas fail to state a claim upon which relief may be granted.
>
> Second Defense. One or more claims asserted by Universal Canvas are barred by the doctrine of laches, estoppel, acquiescence, waiver, and/or the relevant Statute of Limitations.

> Third Defense. Universal Canvas cannot demonstrate a likelihood of confusion between Tiresocks' trademarks or domain names and Universal Canvas' trademarks.
>
> Fourth Defense. Universal Canvas has not been injured, and will not be injured, and is therefore not entitled to any relief.

[16] at 11–12. This Court agrees that Tiresocks has insufficiently pled its affirmative defenses.

This Court strikes the First Defense (failure to state a claim) with prejudice because simply "reciting the Rule 12(b)(6) standard is not a proper affirmative defense." *Divine v. Volunteers of Am. of Ill.*, 319 F. Supp. 3d 994, 1003 (N.D. Ill. 2018); *see also Cozzi v. United of Omaha Life Ins. Co.*, No. 1:20-CV-04031, 2021 WL 1165090, at *3 (N.D. Ill. Mar. 26, 2021); *Raquet v. Allstate Corp.*, 348 F. Supp. 3d 775, 786 (N.D. Ill. 2018).

Tiresocks also improperly pleads the Third and Fourth Defenses as affirmative defenses. A proper affirmative defense cannot merely "controvert the plaintiff's proof." *See Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 872 (7th Cir. 2012). As to the Third Defense, the likelihood of confusion is an essential element of Universal Canvas' infringement and unfair competition claims. *Uncommon, LLC v. Spigen, Inc.*, 305 F. Supp. 3d 825, 857 (N.D. Ill. 2018), *aff'd*, 926 F.3d 409 (7th Cir. 2019). Asserting that Universal Canvas cannot demonstrate the likelihood of confusion merely defeats this element of Universal Canvas' claims, and thus, fails to qualify as a proper affirmative defense. *See Allstate Ins. Co. v. Electrolux Home Prod., Inc.*, No. 11 C 7494, 2012 WL 1108424, at *1 (N.D. Ill. Apr. 2, 2012) (striking affirmative defenses that "merely deny" an element upon which the plaintiff bore the

10

burden of proof). The Fourth Defense (lack of injury) is similarly deficient because Universal Canvas bears the burden to prove a cognizable injury. *See, e.g.*, *Martinez v. Alltran Fin. LP*, No. CV-18-04815-PHX-DLR, 2019 WL 1777300, at *2 (D. Ariz. Apr. 23, 2019) (striking affirmative defense that denied the plaintiff has suffered an injury or incurred damages because "Plaintiff bears the burden of proof on these matters"). Because Tiresocks improperly pleads the Third and Fourth Defenses as affirmative defenses, this Court strikes them with prejudice.

The Second Defense is also deficient, but for a different reason. Tiresocks asserts broadly, without any factual support, that "[o]ne or more claims asserted by Universal Canvas are barred by the doctrine of laches, estoppel, acquiescence, waiver, and/or the relevant Statute of Limitations." [16] at 12. Such threadbare allegations do not withstand a Rule 12(b)(6) challenge and thus do not survive a motion to strike. *See Cozzi*, 2021 WL 1165090, at *4 (striking without prejudice a single-sentence affirmative defense stating that "Plaintiffs' claims are barred by the doctrines of unclean hands and estoppel."); *Edwards v. Mack Trucks, Inc.*, 310 F.R.D. 382, 386 (N.D. Ill. 2015) (striking affirmative defenses because the defendants "failed to provide any factual support" for them). This Court therefore strikes Defense Two but will give Tiresocks leave to replead the defenses of laches, estoppel, acquiescence, waiver, and the statute of limitations, provided Tiresocks can do so consistent with this order and its Rule 11 obligations. Should Tiresocks replead, it should bear in mind that equitable defenses such as laches, estoppel, acquiescence, constitute equitable defenses which "*must* be pled with the specific elements required to

11

establish such defenses." *Cozzi*, 2021 WL 1165090, at *4 (quoting *United States ex rel. A&C Constr. & Installation Co. WLL v. Zurich Am. Ins. Co.*, No. 17 C 4307, 2019 WL 195025, at *2 (N.D. Ill. Jan. 15, 2019) (emphasis added).

## V. Conclusion

For the reasons explained above, this Court grants in part and denies in part Universal Canvas' motion to dismiss counterclaims and to strike affirmative defenses [31]. The motion is denied as to Tiresocks' counterclaims. Universal Canvas is ordered to answer the counterclaims by January 5, 2022. The motion is granted as to Tiresocks' affirmative defenses. The First, Third, and Fourth Defenses are stricken with prejudice. The Second Defense is stricken without prejudice and with leave to replead. Amended affirmative defenses shall be filed by December 22, 2021.

E N T E R:

Dated: December 8, 2021

MARY M. ROWLAND
United States District Judge

12