## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

TIREBOOTS BY UNIVERSAL
CANVAS, INC.

Plaintiff,

v.

TIRESOCKS, INC., et al.

Defendants.

Case No. 20-cv-7404

Judge Mary M. Rowland

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Tireboots sued Tiresocks and its parent company, Tiresocks International, for intentionally misdirecting web traffic from Plaintiff's website to Defendant's website [1] [32]. Plaintiff moves for leave to amend to add Defendants' former owner and CEO Jarrett Gordon as a defendant. [221] [222]. For the reasons that follow, the Court grants Plaintiff's motion in part and denies in part.

### I.   Background

On December 14, 2020, Plaintiff filed suit alleging that Defendants committed: (1) trademark and trade dress infringement, unfair competition, false designation of origin, palming off, and false advertising under the Lanham Act; (2) cyberpiracy under the Anti-cybersquatting Consumer Protection Act ("ACPA"); and (3) unfair competition, deceptive trade practices, and tortious interference with prospective business relationships under Illinois law. [1]. On March 15, 2020, Plaintiff filed a first amended complaint. [32]. The parties completed fact discovery on July 29, 2022,

1

[141], and expert discovery on June 16, 2023. [217]. On June 23, 2023, Plaintiff filed the present motion for leave to file a Second Amended Complaint. [221].

Plaintiff named Jarrett Gordon, Defendants' founder and former CEO and president, as a defendant in its original complaint. [1]. Plaintiff removed Gordon as a defendant in the First Amended Complaint. [32]. Now, Plaintiff seeks to re-name Gordon as a defendant in a Second Amended Complaint. Plaintiff bases its motion on fact discovery that it claims establishes Gordon's personal involvement in the scheme to redirect customers to Defendants' website.

## II.    Leave to Amend

### A. Legal Standard

Courts should freely grant leave to amend before trial "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Although leave to file a second amended complaint should be granted liberally, a district court may deny leave for several reasons including: 'undue delay, bad faith, or dilatory motive . . . undue prejudice to the opposing party . . . [or] futility of amendment.'" *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004) (quoting *Park v. City of Chicago,* 297 F.3d 606, 612 (7th Cir. 2002)). "If discovery shows that a party should be added, and if the moving party has been diligent, there may well be sound grounds for amending the pleadings and even adding a new party." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 358 (7th Cir. 2015). The key inquiry is whether the proposed amendment will cause specific injury to the opposing party. *Dubicz*, 377 F.3d at 793. District courts

have broad discretion to grant or deny leave to amend. *Aldridge v. Forest River, Inc.*, 635 F.3d 870, 875 (7th Cir. 2011).

## B. Analysis

### i. Plaintiff Satisfies the Pleading Standard to Name Gordon as Defendant

By way of background, in the Seventh Circuit, corporate officers cannot be held personally liable for a corporation's infringement "in the absence of some special showing" of willful and knowledgeable conduct. *Dangler v. Imperial Machine Co.*, 11 F.2d 945, 947 (7th Cir. 1926). *Dangler* offered three examples of a "special showing": 1) when the officer personally participated in the manufacture or sale of the infringing article, 2) when the officer used the corporation as an instrument to carry out a "willful and deliberate" infringement," or 3) when the officer used a knowingly delinquent corporation to avoid personal liability." *Am. Ass'n of Motorcycle Injury Lawyers, Inc. v. HP3 Law*, LLC, 20-C-4866, 2021 WL 3054799, at *3 (N.D. Ill. July 20, 2021) (quoting *Dangler*, 11 F.2d at 947). *Dangler* is applicable in trademark and patent cases. *Peaceable Planet, Inc. v. TY, Inc.*, 185 F.Supp.2d 893, 896-97 (N.D. Ill. 2002) (collecting cases).

A plaintiff can also make a "special showing" by pleading that the corporate officer "was the founder, president, and majority shareholder of the defendant corporation and the moving force behind the defendant corporation's alleged infringing activities" and willfully and deliberately "induced, aided, and abetted the past and continuing infringement." *Peaceable Planet*, 185 F. Supp. 2d at 896 (quoting *Cooper Indus. Inc. v. Juno Lighting Inc.*, 1 U.S.P.Q.2d 1313, 1314 (N.D.Ill.1986))

3

(cleaned up). Liability may attach if the corporate officer acted within the scope of his job description as long as he had he had "administrative and managerial" control of the defendant corporation and acted willfully and deliberately. *Motorcycle Injury Laywers*, 2021 WL 3054799, at *4 (surveying Seventh Circuit case law).

Plaintiff argues for leave to re-name Gordon as a defendant because it can now satisfy the heightened pleading standard required to allege that Gordon is personally liable. Defendant responds that Gordon only acted in the scope of his duties and thus cannot be held liable, and that Plaintiff lacks evidence of actual damages resulting from Gordon's conduct.[1]

Plaintiff has produced enough factual support to allege a "special showing" of Gordon's liability. Gordon was, at all relevant times, the CEO and president of Defendant corporations. Current and former employees alike testified in depositions that Gordon developed the strategy to research and acquire competitor domain names, then directed others to purchase the domains. [221-7] at 7-11, 15-19, 21, 27; [221-9] at 6, 11-12. Gordon was often listed by name as the domain registrant, and employees were required to forward him receipts after purchase. [221-14]; [221-7]. One set of emails revealed that Gordon discovered tireboots.com, a domain name with Plaintiff's corporate name, was available for purchase. [221-15]. Gordon promptly

---

[1] Defendant also argues that Plaintiff did not comply with procedural requirements by failing submitting a redline version of the proposed Second Amended Complaint. [225] at 25. This Court has no relevant standing order requiring parties to submit redline copies of amended pleadings. Plaintiff filed a proposed Second Amended Complaint which added Gordon as a defendant and relevant factual allegations to support the addition. [222-1]. This filing is sufficient to give the parties and the Court notice of any changes.

4

directed a subordinate to acquire the domain name in order to redirect competing web traffic. *Id.*

This discovery provides a basis for Plaintiff to plausibly allege Gordon's role as an active participant in the domain misdirection scheme. Such allegations of his personal involvement constitute "deliberate conduct . . . to carry on the infringing and unfair practices" that rise to the level of a special showing. *General Motors Corp. v. Provus*, 100 F.2d 562 (7th Cir. 1938). Courts have attached liability to corporate officers for "registering or directing registration of a[n] [infringing] domain name . . . with full knowledge of the . . . registered trademark." *Motorcycle Injury Lawyers*, 2021 WL 3054799, at *4; *see also Peaceable Planet*, 185 F.Supp.2d at 895 (allowing corporate officer to be named as individual defendant based on allegations that he oversaw and "personally participate[d]" in development, marketing, and sale of infringing product); *cf. Jones Day v. Blockshopper LLC*, 08-CV-4572, 2008 WL 4925644, at *5 (finding no special showing where allegations consisted of corporate officers registering and owning domain name without intent to infringe). Here, Plaintiff furnishes factual allegations showing that Gordon was the "moving force" behind the domain redirection strategy. Moreover, the linchpin of a "special showing" is "specific activity based upon personal knowledge or wrongdoing," *Do It Best Corp. v. Passport Software, Inc.*, 01-C-7674, 2004 WL 1660814, at*14 (N.D. Ill. July 23, 2004), not damages resulting from such activity. Plaintiff thus has enough factual support to name Gordon as a defendant.

### ii. Plaintiff Does Not Cause Undue Delay or Undue Prejudice to Defendants

Defendant contends that Plaintiff's request for leave to amend is too late, more than two years after the original complaint was filed and a year after the conclusion of fact discovery. Plaintiff responds that it waited until the close of expert discovery to be file one motion that consolidated its requests for leave to amend.

Undue delay can be a reason to deny leave to amend. *King v. Cooke*, 26 F.3d 720, 723 (7th Cir. 1994). However, unless "extreme," "delay alone will not generally justify denying a motion to amend a pleading." *Id.* "Delay must be coupled with some other reason," most often in the form of "prejudice to the non-moving party." *Life Plans*, 800 F.3d at 358 (quoting *Dubicz*, 377 F.3d at 793). "Undue delay is most likely to result in undue prejudice when a combination of . . . factors . . . occur together," such as "delay in proceedings without explanation, no change in the facts since filing of the original complaint, and new theories that require additional discovery." *J.P. Morgan Chase Bank, N.A. v. Drywall Serv. & Supply Co., Inc.*, 265 F.R.D. 341, 347 (N.D. Ind. 2010) (collecting cases). A showing of undue prejudice must be specific. *See, e.g., Life Plans*, 800 F.3d at 358; *Gregg Communications Sys., Inc., v. Am. Tel. & Tel. Co.,* 98 F.R.D. 715, 721 (N.D. Ill. 1983) ("[S]ome prejudice must be shown").

Here, Plaintiff filed for leave to amend on July 23, 2023, two and a half years after the original complaint was filed and one year after fact discovery concluded. Plaintiff's explanation for the delay is that it waited until the close of expert discovery to consolidate all possible proposals for amendment in one motion. As Defendants point out, Plaintiff had factual support to file this motion at the end of fact discovery in July 2022. The Court agrees that Plaintiff should have moved to amend at end of

fact discovery—when a claim against Gordon was viable. *See George v. Kraft Foods Glob., Inc.*, 641 F.3d 786, 790-91 (7th Cir. 2011) ("[P]laintiffs' desire to avoid seeking leave to amend more than once does not excuse their belated assertion of the claims they knew about [earlier].").

The Court will not, however, deny leave to amend on this basis without a showing of undue prejudice by Defendants. Defendants do not identify undue prejudice that would result from adding Gordon as a defendant. Defendants rely only on the delay itself, citing Seventh Circuit precedent that "the longer the delay in moving to amend, the greater presumption against granting leave to amend." [225] at 11 (quoting *Tamari v. Bache & Co. S.A.L.*, 838 F.2d 904, 908 (7th Cir. 1988)) (cleaned up). However, the cases cited by Defendant denied leave to amend filed at more critical stages, such as on the eve of trial, *Perrian v. O'Grady*, 958 F.2d 192, 195 (7th Cir. 1992), after motions for summary judgment, *Norris v. Goldner*, 19-C-5491, 2023 WL 2386951 (S.D.N.Y. Mar. 7, 2023), or after the trial court set a briefing scheduling for summary judgment. *Feldman v. Am. Mem'l Life Ins. Co.*, 196 F.3d 783 (7th Cir. 1999). Here, while Plaintiff seeks leave to amend after the close of fact discovery, there is no briefing schedule that will be disrupted by granting leave to amend. Plaintiff also bolsters its motion with extensive factual support – facts that it did not know when it filed the original complaint. These circumstances support allowing the amendment.

Defendants insist that adding Gordon as defendant will require additional briefing and discovery for Gordon. Yet, "almost every amendment of a complaint

results in some degree of prejudice to a defendant, in that new discovery generally will be required and the date of trial will be delayed." *Gregg*, 98 F.R.D. at 721 (quoting *Conroy Datsun, Ltd. v. Nissan MotorCorp. in U.S.A.*, 506 F.Supp. 1051, 1054 (N.D. Ill. 1980). Ergo, "[t]here must be some specifics about how reopened discovery will cause unfair prejudice," *J.P. Morgan Chase Bank*, 265 F.R.D. at 347, such as an opposing party's inability to locate witnesses, witnesses' memory decay, or other evidentiary hurdles. *King*, 26 F.3d at 723. That is not the case here. Defendants have not argued undue prejudice that results from Plaintiff's delay other than the delay itself. The Court will not deny leave to amend on this basis.

## III. Relation Back

Both parties discuss whether the proposed amendment to name Gordon as an individual defendant relates back to the original complaint. Relation back is relevant only when an amended claim would be barred by the statute of limitations, yet neither party addresses whether the amended complaint would be time-barred. Asserting the statute of limitations is ordinarily an affirmative defense that should be raised by a defendant. *Tregenza v. Great Am. Commc'ns Co.*, 12 F.3d 717, 718 (7th Cir. 1993). However, courts may deny leave to amend based "wholly or partially" on the belief that an amendment does not relate back and would thus be futile. *Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 559 (7th Cir. 2011) (quoting *Slayton v. Am. Exp. Co.*, 460 F.3d 215, 226 (2d Cir. 2006), as amended (Oct. 3, 2006)). The Court will therefore assess whether the statute of limitations has expired for any

claims, and if so, whether amendment to those claims relates back to the original pleading.

In ruling on Defendants' previous motion to dismiss, this Court determined that the applicable statute of limitations is three years for Counts I-VII, while Counts VIII and IX are subject to a five-year period per Illinois law. [81] at 5-10. The Court also determined that the statute of limitations on all claims began running in May 2020, as Plaintiff alleged that Defendants "continued to take acts of redirection" until then. *Id.* at 7. Plaintiff filed the motion to amend the complaint on June 23, 2023, so the question is whether the statute of limitations ran on that date. The statute of limitations has accordingly not expired on Counts VIII and IX. Counts I-VII, on the other hand, are now time-barred, as the statute of limitations expired in May 2023. The statute of limitations bars amending Counts I-VII unless the amendment relates back to the filing of the original complaint.

## A. Legal Standard

Rule 15(c)(1) provides that a claim against a newly named defendant relates back if the claim: arose out of the "same conduct, transaction, or occurrence set out in the original pleading," and within the period provided by Rule 4(m) for serving the summons and complaint, the newly named defendant received notice of the action, and "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(B), (C).

As for whether a defendant knew or should have known of their potential liability, the Supreme Court's decision in *Krupski v. Costa Crociere S. p. A.* refocused the inquiry on what "the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." 560 U.S. 538, 548 (2010) (emphasis in original). After *Krupski*, then, courts ask whether the prospective defendant knew or should have known he was the intended defendant but for a mistake, and whether the proposed amendment would cause him prejudice. *Joseph,* 638 F.3d at 559-60.

## B. Analysis

Plaintiff satisfies the first two requirements for the amendment to relate back. The infringing conduct Plaintiff seeks to allege against Gordon is the same activity pled against Defendants in the original complaint — the main difference being that Plaintiff would include more details of Gordon's personal involvement in the infringement. Next, Gordon was on notice of the action, as Plaintiff named him as a defendant to the original complaint.

The key question is whether Gordon "knew or should have known that the action would have been brought against [him], but for a mistake concerning the proper party's identity" Fed. R. Civ. P. 15(c)(1)(C)(ii). Plaintiff represents that it sought to include Gordon as a defendant from the outset, then dismissed him in response to a letter from Defendants' former counsel. [221-1] at 16. There, Defendants' counsel wrote that as Gordon "only acted in the regular course of his employment by Tiresocks," Plaintiff lacked the "special showing" required by

10

*Dangler*, 11 F.2d 945, and Defendants would seek Rule 11 sanctions if Plaintiff failed to release Gordon from the lawsuit. [221-16]. Plaintiff contends that the letter was a "misrepresentation" by Defendants, and that as a result, Plaintiff made a "mistake" for the purpose of Rule 15(c)(1)(C)(ii). [221-1] at 16. Defendants respond that its former counsel merely asserted its position on Gordon's liability. Plaintiff's reliance on this assertion, Defendants say, is not the kind of "mistake" that warrants relation back. The Court agrees that Gordon did not have reason to know he would be renamed as a defendant, and that the proposed amendments thus do not relate back.

After *Krupski*, Rule 15(c)(1)(C)(ii) allows relation back even when a plaintiff makes a "deliberate but mistaken choice" not to name a defendant. 560 U.S. at 550. When a plaintiff knows "that the prospective defendant exists but nonetheless harbor[s] a misunderstanding about his status or role in the events giving rise to the claim at issue," and chooses not to sue him based on that "misimpression," a later amendment to name that defendant may still relate back. *Id.* On the other hand, a prospective defendant who "legitimately believed that the limitations period had passed without any attempt to sue him has a strong interested in repose." *Id.*

Plaintiff's lack of mistake about Gordon's identity weighs against relation back. Plaintiff was neither legally nor factually mistaken about Gordon's status or role as founder, CEO, and president of Defendant corporation. Instead, Plaintiff initially identified Gordon as a defendant, released him from the suit based on statements by Gordon's counsel, and now seeks to re-plead that Gordon is personally liable. Plaintiff "cannot be said to have made a mistake regarding any defendant's

11

identity." *Pierce v. City of Chicago*, 09-C-1462, 2010 WL 436676, at *5 (N.D. Ill. Nov. 8, 2010). In *Pierce*, for example, the court declined to find an amendment to name a defendant related back when the plaintiff knew the potential defendant's identity and role at time of filing the initial complaint. *Id.* So too in *Estate of Collins v. Milwaukee County*: the court did not credit plaintiffs' argument that they knew potential defendants existed at the time of the original complaint, but still had "limited information" about their "involvement in the conduct giving rise to the . . . claims." 21-cv-1438-pp, 2023 WL 4273507, at *3-4 (E.D. Wis. June 29, 2023). There, the court found that an amendment to add those defendants did not relate back because plaintiffs did not allege "that their failure to name [potential] defendants in the original complaint was due to a mistake concerning their identities." *Id.* Similarly, here, Plaintiff had enough information when it filed the initial complaint to name Gordon—it did so.

Instead, Plaintiff decided to dismiss Gordon from the suit. Plaintiff claims this choice was influenced by Defendants' heavy-handed threat of Rule 11 sanctions. Still, the main effect of dismissing Gordon from the original complaint was to signal to him that Plaintiff did not intend to pursue future claims. Gordon likely relied on the dismissal, and rightfully so. To allow Plaintiff to replead claims against Gordon after the statute of limitations has expired would be unfairly prejudicial to him. Allowing relation back would grant a windfall to Plaintiff, especially when it had the time to re-name Gordon as a defendant after the end of fact discovery, but before the statute of limitations expired.

As the amended complaint does not relate back, the proposed amended Counts I-VII against Gordon are time-barred and thus futile. Plaintiff may amend Counts VIII and IX to include Gordon because the statute of limitations has not expired on those claims.

**IV.   Conclusion**

For the reasons explained above, this Court grants in part and denies in part Plaintiff's motion for leave to amend [221] [222]. Plaintiff may amend Counts VII and IX to name Jarrett Gordon as defendant. The motion for leave to amend Counts I-VII is denied.

E N T E R:

Dated: November 28, 2023

MARY M. ROWLAND
United States District Judge